UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| JOVICA PETROVIC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 5:16-CV-167-KKC |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |
| | ) | |

**** **** **** ****

Plaintiff Jovica Petrovic is an inmate at the Federal Medical Center-Lexington in Lexington, Kentucky.  Proceeding without an attorney, Petrovic has filed a civil rights complaint [R. 1] asserting constitutional claims under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).  Petrovic also alleges negligence and common law tort claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680.  By separate Order, Petrovic has granted *in forma pauperis* status in this proceeding.

The Court conducts a preliminary review of Petrovic's civil rights complaint because he asserts claims against government officials, and because he has been *granted in forma pauperis* status in this action.  28 U.S.C. §§ 1915(e)(2)(B); 1915A.  In such cases, a district court must dismiss any action which (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  *Id*.  Further, the Court liberally construes Petrovic's claims and accepts his factual allegations as true because he is proceeding without an attorney.

1

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  As explained below, some of Petrovic's claims will be allowed to proceed, but others will be dismissed for failure to state a claim upon which relief can be granted.

## ALLEGATIONS OF THE COMPLAINT

Petrovic alleges that he suffers from serious cardiac conditions, atrial fibrillation, diabetes, high blood pressure, and heart palpitations.  He claims that on July 19, 2015, in disregard of his serious cardiac and related medical conditions, Defendant Goodwin (FMC-Lexington Officer), maliciously assigned him "extra duty" work assignments (pulling up weeds) during extreme heat conditions, and that Defendant Lawrenz, FMC-Lexington Officer, denied him water while he was performing his extra duty assignments.  Petrovic claims that the "extra duty" work assignments and denial of water exacerbated his cardiac and other medical conditions, causing him to experience pain in his head and chest, chronic physical suffering, and emotional distress.

Petrovic contends that the alleged actions of Defendants Goodwin and Lawrenz constituted deliberate indifference to his serious medical needs, in violation of the Eighth Amendment of the U.S. Constitution, which prohibits cruel and unusual punishment, *see* R. 1, pp. 4-5, ¶ 14; ¶ 17; ¶ 20; ¶ 23; violated his right to due process of law, guaranteed by the Fifth Amendment of the U.S. Constitution,[1] *see id.*, ¶ 16; ¶ 22; violated his right to free speech, guaranteed by the First Amendment of the U.S. Constitution, *see id.*, p. 5, ¶ 19; and violated his right to remain free from unreasonable search and seizure, guaranteed by the Fourth Amendment of the U.S. Constitution, *see id.*, ¶ 21.  Alternatively, Petrovic claims

---

[1]  Petrovic incorrectly alleges that the Fourteenth Amendment to the U.S. Constitution guarantees his right to due process. [R. 1, p. 5, ¶ 22]  The named defendants are *federal* actors, not state actors.  Petrovic's claim alleging the denial of due process therefore falls under the Fifth Amendment of the U.S. Constitution, not the Fourteenth Amendment, which applies to *state* actors.

that the defendants' alleged actions constituted negligence and tortious conduct (such as assault and battery) under the common law of Kentucky, and thus are actionable under the FTCA.   Petrovic seeks substantial compensatory and punitive damages from the Defendants Goodwin and Lawrenz (in their individual capacities) under *Bivens*, and from the United States, pursuant to the FTCA.[2]   [*Id.*, p. 6]

## DISCUSSION

The United States will be required to respond to Petrovic's FTCA negligence and common law tort claims.  Defendants Goodwin and Lawrenz will be required to respond to Petrovic's Eighth Amendment claims alleging deliberate indifference to his serious medical conditions.  The Clerk will be instructed to issue summons for the named defendants as to these specific claims, and the United States Marshal Service ("USMS") will be directed to serve Defendants Goodwin and Lawrenz according to the instructions set forth below.

But Petrovic's other federal constitutional claims, alleging denial of due process, freedom of speech, and unreasonable search and seizure, all fail to state claim upon which relief can be granted.  "[D]amage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right."  *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (emphasis in original).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the

---

[2]  Petrovic alleges that on November 5, 2015, he submitted an Administrative Tort Claim to the BOP, using "Form OMB 1105-0008," but that the BOP did not respond to his Tort Claim. [R. 1, p. 1, ¶ 2] Petrovic did not attach a copy of the Claim Form which he allegedly submitted to the BOP, nor did he allege whether he exhausted his administrative remedies with respect to his various constitutional claims asserted under *Bivens* against Defendants Goodwin and Lawrenz.

Constitution," because vicarious liability is not applicable to civil rights actions. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

While Petrovic alleges facts alleging plausible Eighth Amendment violations, to which Defendants Goodwin and Lawrenz must respond, he alleges *no* facts in support of his sweeping allegation that he was denied "due process." Petrovic fails to identify what "process" (either substantive or procedural) was denied, nor does he explain when, where, or how the defendants allegedly violated his broadly described right to "due process." As previously noted, Petrovic does not allege that he undertook steps in compliance with the BOP's four-step administrative remedy process, so he clearly fails to allege that any of his rights associated with the BOP's administrative remedy process were impaired or obstructed. Even if Petrovic had specifically alleged that he pursued his administrative remedies, but that he received either no response or an unsatisfactory response to same, such allegations would not amount to a violation of due process, because *Bivens* liability may not be imposed simply where a defendant denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

A civil rights complaint need not contain "detailed factual allegations," *Twombly*, 550 U.S. at 555, but it must have "more than an un-adorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677. Petrovic's broad and conclusory allegation that he was denied some type of unidentified "due process" does not meet the minimal pleading standard required by *Iqbal* and is factually unsupported. Moreover, where a particular constitutional amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that amendment, not the more

4

generalized notion of "substantive due process," must be the guide for analyzing such claims. *Graham v. Connor*, 490 U.S. 386, 395 (1989); *County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998); *Albright v. Oliver*, 510 U.S. 266, 273 (1994)  Petrovic's claim alleging the denial of "due process" will therefore be dismissed for failure to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

Petrovic alleges that his right to "freedom of speech" was violated, but alleges no facts in support of that broad conclusory allegation.  The Court observes that a federal prisoner does not enjoy the same right to freedom of speech as that of a non-prisoner.  "In contrast to the rights of a free citizen under the First Amendment or Title VII, a prisoner's rights are more limited, and the contours of a prisoner's First Amendment right to freedom of speech are unclear." *McKinney v. Rutenbar*, No. 2:14-CV-220, 2016 WL 4144253, at *2 (W.D. Mich. Aug. 4, 2016)  For the reasons set forth above, Petrovic's vague and conclusory claim alleging the denial of his "freedom of speech" is also fatally defective, and will be dismissed for failure to state a claim upon which relief can be granted.   28 U.S.C. § 1915(e)(2)(B)(ii).

Finally to the extent that Petrovic alleges that he was subjected to "unreasonable search and seizure," in violation of the Fourth Amendment of the U.S. Constitution, he again states no substantive claim for relief.  The Fourth Amendment's prohibition against unreasonable search and seizure applies to persons who are not in custody; here, Petrovic is unquestionably in federal custody.  A prisoner is not entitled to the protection of the Fourth Amendment against unreasonable searches and seizures. *Hudson v. Palmer*, 468 U.S. 517, 525-526 (1984) (holding that "…. the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell.  The recognition of privacy

rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions.")

To the extent that Petrovic alleges that Defendants Goodwin and Lawrenz subjected him to extreme heat and/or dangerous conditions of confinement in deliberate indifference to his serious medical needs, he has already asserted an Eighth Amendment claim on this same issue, to which the named defendants will be ordered to respond. Thus, Petrovic's Fourth Amendment claim alleging "unreasonable search and seizure" will be dismissed, because it is subsumed within his enumerated Eight Amendment deliberate indifference claims, and his allegation must therefore proceed under the Eighth Amendment's criteria. *See Brooks v. Longcore*, No. 1:11-CV-1060, 2012 WL 4501011, at *6, n. 2 (W.D. Mich. Jun. 15, 2012).

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1.      The following federal constitutional claims asserted by Plaintiff Jovica Petrovic's against Defendants Goodwin and Lawrence (FMC-Lexington Officers), in their individual capacities, are **DENIED WITH PREJUDICE** for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii):

> (a).    Petrovic's Fifth Amendment claims alleging the denial of due process;
>
> (b).    Petrovic's First Amendment claims alleging the denial of freedom of s speech; and
>
> (c).    Petrovic's Fourth Amendment claims alleging unreasonable search and seizure.

2.      Petrovic's Eighth Amendment individual-capacity claims against Defendants Goodwin and Lawrence (FMC-Lexington Officers), alleging deliberate indifference to his

serious medical needs **SHALL PROCEED**, and Defendants Goodwin and Lawrence must respond to those Eighth Amendment claims.

3.      Petrovic's FTCA claims against the United States of America, alleging negligence and tortious conduct under Kentucky common law, **SHALL PROCEED**, and the United States must respond to those claims.

4.      A Deputy Clerk in the Lexington Clerk's Office shall **PREPARE** a "Service Packet" for Defendants Goodwin and Lawrence (FMC-Lexington Officers), and the United States of America.  The Service Packet shall include:

> (a).    a completed summons form;
> (b).    the Complaint [R. 1] and all attachments thereto;
> (c).    this Order; and
> (d).    a completed USM Form 285.

5.      The Lexington Deputy Clerk shall **SEND** the Service Packets to the USMS in Lexington, Kentucky.

6.      The USMS shall **SERVE** Defendants Goodwin and Lawrence, FMC-Lexington Officers, by:

> (a).    Sending a Service Packet by certified or registered mail to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky;
>
> (b).    Sending a Service Packet for Defendants Goodwin and Lawrence, FMC-Lexington officers, by certified or registered mail to the Office of the Attorney General of the United States in Washington, D.C.; and
>
> (c).    Personally serving Defendants Goodwin and Lawrence, FMC-Lexington officers, with a Service Packet through arrangement with the BOP.

7.      The USMS shall serve the United States of America by sending a Service Packet by certified or registered mail to:

> (a).    the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky, and;

(b).    the Office of the Attorney General of the United States in Washington, D.C., and;

(c).    the Central Office of the Federal Bureau of Prisons in Washington, D.C.

8.    The USMS is responsible for ensuring that Defendants Goodwin and Lawrence (FMC-Lexington Officers) are successfully served with process.  In the event that an attempt at service either of both of them is unsuccessful, the USMS shall make further attempts and shall ascertain such information as is necessary to ensure successful service

9.    Within 40 days of the date of entry of this Order, the USMS Office shall send a Service Report to the Lexington Clerk's Office, which the Deputy Clerk shall file in the record, which states whether service has been accomplished with respect to Defendants Goodwin and Lawrence (FMC-Lexington Officers).

(a).    If  either or both of the individually named defendants are served by certified mail, the Service Report **shall** include:

(1).    a copy of the green card showing proof of service; or

(2).    a statement that the green card was not returned from the U.S. Postmaster, along with a "Track-and-Confirm" report from the U.S. Postal Service showing that a proof of delivery does not exist.

(b).    If either or both of the individually named defendants are personally served, the Service Report **shall** indicate:

(1).    that either or both Defendants were successfully served, or

(2).    a statement explaining why either or both Defendants could not be served and what efforts are being taken to locate and accomplish personal service on either or both of them.

10.    Petrovic must immediately advise the Lexington Clerk's Office of any change in his current mailing address.  Failure to do so may result in **dismissal** of this case.

11.     Petrovic must communicate with the Court solely through notices or motions filed with the Lexington Clerk's Office.  **The Court will disregard correspondence sent directly to the undersigned's chambers**.

12.     **With every notice or motion filed with the Court, Petrovic must (a) mail a copy to each defendant (or his or her attorney); and (b) at the end of the notice or motion, certify that he has mailed a copy to each defendant (or his or her attorney) and the date on which this was done.  The Court will disregard any notice or motion which does not include this certification**.

This December 19, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY