UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| JOVICA PETROVIC,<br><br>    Plaintiff,<br><br>V.<br><br>UNITED STATES et al.,<br><br>    Defendants. | CIVIL ACTION NO. 5:16-167-KKC-HAI<br><br><br>OPINION & ORDER |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on a report and recommendation (DE 23) from Magistrate Judge Hanly A. Ingram. For the following reasons, plaintiff's objections are DENIED and defendants' motion to dismiss, or in the alternative, motion for summary judgment (DE 16) is GRANTED. Plaintiff's motion for criminal prosecution (DE 27) is DISMISSED, and plaintiff's tendered surreply is STRICKEN from the record.

## I.    Background

At the time of the events contained within his Complaint, plaintiff Jovica Petrovic was an inmate at the Federal Medical Center (FMC)-Lexington in Lexington, Kentucky. On May 27, 2016, Petrovic filed this civil rights action asserting constitutional claims, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotic Agents,* 403 U.S. 388 (1971), and negligence and common law tort claims under the Federal Tort Claims Act (FTCA). 28 U.S.C. §§ 1346(b), 2671-2680. Petrovic's complaint names FMC-Lexington Officers Goodwin and Lawrenz and the United States of America as defendants. (DE 1).

In his complaint, Petrovic alleges that he began having heart palpitations on the morning of July 19, 2015, while incarcerated at FMC-Lexington, and that he fell asleep while lying down in an effort to get the palpitations to subside. (DE 1 at 2). At approximately 10:15 AM, Officer Goodwin awoke Petrovic while performing the morning stand-up count. *Id.* Petrovic alleges that Officer Goodwin "lifted [his] bed, like a mad men [sic], [and] dropped it to the floor in an effort to awake [sic] and startle plaintiff." *Id.* Officer Goodwin "demanded" that Petrovic come to his office after the count. *Id.*

At 10:30 AM, Petrovic went to Officer Goodwin's office and explained his history of heart disease and his earlier heart palpitations. *Id.* Petrovic alleges that Officer Goodwin ignored his medical condition and offered him a "choice of 'EXTRA DUTY' or 'shot-write up' [sic] as punishment" for not standing during "count." *Id.* Before he could make a choice, Goodwin "maliciously and sadistically, for the very purpose of causing harm" told him that he would have to perform two hours of extra duty "knowing that the temperature outside was extremely hot." *Id.* Petrovic claims he attempted to show Officer Goodwin his medical pass allowing only sedentary work, but was told that he could sit down while picking up weeds, and that he was not permitted to take a water bottle outside. *Id.* at 2-3.

Officer Lawrenz supervised Petrovic while he picked weeds. *Id.* at 3. Plaintiff alleges that around 11:00 AM, he lay down because he was "sweating profusely," but Officer Lawrenz told him that he could not lie down and did not allow him to have water. *Id.* He was released from extra duty at 12:00 PM and went to the central clinic to have his heart palpitations checked, "but he found no one there who could help him…because it was a Sunday" and was told to report back on Monday. *Id.* Petrovic claims that as a result of the events on July 19, 2015, he "suffered pain and suffering and injuries, including pain in the head and chest…for approximately four [] weeks." *Id.* Plaintiff seeks monetary relief for his injuries. *Id.* at 6.

In response to the alleged conduct of Officers Goodwin and Lawrenz, Petrovic claims that he sent a Standard Form 95-Claim for Damage, Injury or Death (SF 95) to the Central Office of the Federal Bureau of Prisons in Washington, D.C., per certified first class mail on November 5, 2015. (DE 18 at 1). On November 13, 2015, Petrovic received confirmation from the United States Postal Service tracking website that his package had been delivered. *Id.*; (DE 18-2). In his amended objections to the Magistrate's recommendations, Petrovic attached a document containing an alleged signature of a BOP employee who signed for the package received in Washington, D.C., on November 11, 2015. (DE 26 at 3). According to official records maintained by the BOP, and produced by the defendants, however, Petrovic has not filed any administrative remedies with the BOP in association with either of the claims listed in his complaint. (DE 16-1 at 5,7).

On May 27, 2016, Petrovic filed the instant action in the United States District Court for the Eastern District of Kentucky at Lexington. (DE 1). Defendants filed a motion to dismiss, or in the alternative, motion for summary judgment on February 21, 2017. (DE 16). Petrovic filed a response to defendants' motion on February 28, 2017 (DE 18), and defendants filed a reply on March 15, 2017. (DE 21). On March 28, 2017, Petrovic tendered a surreply to defendants' reply, without leave of the Court. (DE 22). In response to the Magistrate Judge's recommendations, Petrovic has filed objections and defendants have responded. (DE 24, 25).

## II. Analysis

### A. Federal Tort Claims Act

#### a. Standard of Review

Petrovic asserts that the United States is liable to him in tort. Pursuant to the doctrine of sovereign immunity, the United States must consent to be sued before a tort action may be maintained. *Lundstrum v. Lyng*, 954 F.2d 1142, 1145 (6th Cir. 1991). If the United States

consents to be sued, the terms of that consent govern the jurisdiction of the district court. *See F.D.I.C. v. Meyer,* 510 U.S. 471, 475 (1994); *see also United States v. Sherwood,* 312 U.S. 584, 586 (1941). The Federal Tort Claims Act (FTCA) is a limited waiver of the government's sovereign immunity for certain tort claims. 28 U.S.C. §§ 1346(b), 2671-2680; *see also Molzof v. United States,* 502 U.S. 301, 305 (1992). Therefore, the terms of the Act govern the jurisdiction of this Court. *F.D.I.C.,* 502 U.S. at 305.

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to attack subject matter jurisdiction. When subject matter jurisdiction is attacked, the burden of proof rests with the party asserting jurisdiction. *Moir v. Greater Cleveland Regional Transit Authority,* 895 F.2d 266, 269 (6th Cir. 1990). Rule 12(b)(1) attacks come in two forms: facial attacks and factual attacks. *United States v. Ritchie,* 15 F.3d 592, 598 (6Th Cir. 1994). In this case, the United States has factually attacked this Court's subject matter jurisdiction by claiming that the plaintiff has not complied with the exhaustion requirements of the FTCA, relying on an affidavit by a Paralegal of the Lexington Consolidated Legal Center who searched the BOP's administrative records. (DE 16).

When a court rules on a factual attack of subject matter jurisdiction, "no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (*citations omitted*). A court reviewing a factual attack on subject matter jurisdiction is free to consider evidence outside of the pleadings. *Cartwright v. Garner,* 751 F.3d 752, 759 (6th Cir. 2014); *see also RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1134 (6th Cir.).

### b. Discussion

Under the FTCA, the government has consented to being sued in tort, "but only insofar as the plaintiff has exhausted his administrative remedies." *Blakely v. United States,* 276

4

F.3d 853, 864 (6th Cir. 2002). Before bringing suit in federal court, a claimant must have "first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). The appropriate Federal agency for Petrovic's claim is the regional office of the BOP where the tort occurred. 28 C.F.R. § 14.2(b)(1) ("A claim shall be presented to the Federal agency whose activities gave rise to the claim."); 28 C.F.R. § 543.31 ("[Claimant] may either mail or deliver the claim to the regional office in the region where the claim occurred."). Written notice needs to be sufficient to enable the appropriate agency to investigate the claim. *Douglas v. U.S.,* 658 F.2d 445, 447 (6th Cir. 1981). As such, delivery or mailing of an FTCA claim to an office other than the regional office where the injury occurred is insufficient to qualify as presentment of the claim to the United States. See *Holt v. Morgan,* 79 Fed.Appx. 139, 2003 WL 22435666 (6th Cir. 2003) (finding that FTCA presentment requirement is not met where claimant files a letter without sum certain and with an EEOC Administrative Judge rather than the agency where the injury occurred); *see also Sandler v. U.S.,* No. 6:11-206-GFVT, 2011 WL 3797737 (E.D. Ky. Aug. 25, 2011) (finding that delivering a claim to the local Federal Medical Center, rather than the regional BOP office, did not satisfy the FTCA presentment requirement).

In this case, Petrovic states that he never received a response to his FTCA claim, despite having completed and mailed a Standard Form 95. (DE 18). Even assuming the truthfulness of that statement, the Court concludes that he received no response because he sent the claim to the BOP Central Office in Washington, D.C., instead of to the BOP's Regional Office in the region where the claim occurred.[1] (DE 18, at 1). Notably, an affidavit and electronic records search by Robin Eads, a Paralegal of Lexington Consolidated Legal Center with access to

---

[1] The Federal Medical Center in Lexington, KY is located in the BOP's Mid-Atlantic Region. The BOP's Regional Office for the Mid-Atlantic Region is located at 302 Sentinel Drive, Suite 200, Annapolis, MD 20701.

administrative records maintained by the BOP, found no record that Petrovic ever filed or presented a claim to the BOP regarding his FTCA claims against the United States. (DE 16-2, at 2). The BOP's Regional Office cannot be said to have been put on notice of Petrovic's claim. As such, Petrovic has not properly presented his claim to the appropriate agency, or received final denial, under the terms of the FTCA. 28 U.S.C. §§ 2675(a), 543.31; 28 C.F.R. § 14.2(b)(1). Since Petrovic has not exhausted his administrative remedies, this Court lacks subject matter jurisdiction and must dismiss the claim. *Blakely,* 276 F.3d at 864.

In his recommendations, the Magistrate Judge reviewed Petrovic's FTCA claim under a summary judgment standard. (DE 23, at 3-9). That standard does not change the outcome. Even viewing the evidence in the light most favorable to the plaintiff, Petrovic has admitted that he sent his SF-95 form to the BOP Central Office in Washington, D.C., rather than the appropriate BOP Regional Office where the injury occurred. (DE 18, at 1). As analyzed above, this does not amount to compliance with the FTCA's jurisdictional requirements. Accordingly, no genuine dispute of material fact exists, and the United States is entitled to judgment as a matter of law.

### B. Eighth Amendment *Bivens* Claim

#### a. Standard of Review

Petrovic asserts that the actions of Officers Goodwin and Lawrenz showed a deliberate indifference to his serious medical needs on July 19, 2015, violating the Eighth Amendment's prohibition against cruel and unusual punishment. (DE 1, at 5). Officers Goodwin and Lawrenz claim that Petrovic has not exhausted all available administrative remedies, as required by the Prison Litigation Reform Act of 1995 (PLRA). *See* 42 U.S.C. § 1997e; *see also Porter v. Nussle,* 534 U.S. 516, 532 (2002) ("…[W]e hold that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other

wrong."). In support, Officers Goodwin and Lawrenz rely on an affidavit outside of the pleadings showing no record of Petrovic ever attempting to use the BOP's Administrative Remedy Program. (DE 16-1, at 7).

Unlike under the FTCA, exhaustion under the PLRA is treated as an affirmative defense in this Circuit, and "is a prerequisite or precondition for bringing suit in any court." *Lee v. Willey,* 789 F.3d 673, 678 (6th Cir. 2015). The exhaustion requirement is "mandatory, but not jurisdictional." *Id.* at 677.

If the district court relies on evidence outside the pleadings in determining exhaustion, a Rule 12(b)(6) motion to dismiss should be converted to a Rule 56 summary judgment motion. Fed. R. Civ. P. 12(d); *see also Ohio Nat. Life Ins. Co. v. United States,* 922 F. 2d 320, 325 (6th Cir. 1990). Since the Court has looked to evidence outside of the pleadings to properly adjudicate Petrovic's PLRA claim, Rule 56 applies.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing the motion, "…the evidence should be viewed in the light most favorable to the non-moving party." *Ahlers v. Schebil*, 188 F.3d 365, 369 (6th Cir. 1999) (citing *Anderson*, 477 U.S. at 255). Moreover, entry of summary judgment is mandated, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When a defendant moves for summary judgment, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Petrovic has received the defendants' motion for summary judgment (DE 16), has responded to that motion (DE 18), has received the Magistrate Judge's recommendation that this claim be dismissed through summary judgment (DE 23), and has raised and amended objections to that recommendation (DE 24 and 26). Petrovic has had a full opportunity to conduct discovery and respond, and this claim is ripe for review.

**b. Discussion**

Proper exhaustion under the PLRA requires a plaintiff's "compliance with an agency's deadlines and other critical procedural rules…." *Woodford v. Ngo,* 548 U.S. 81, 90 (2006). Determining whether proper exhaustion has occurred requires analysis of the BOP's administrative process, because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Further, administrative attempts to pursue an "FTCA claim have no bearing on whether or not [a claimant has] exhausted his *Bivens* claim." *Brocket v. Parks,* 48 Fed.Appx. 539, 2002 WL 31260347 (6th Cir. 2002).

The BOP employs a four-tiered administrative remedy scheme, available to any inmate who has a complaint about his confinement. The procedure for filing an administrative remedy is set out in the Administrative Remedy Program Statement 1330.17 and 28 C.F.R. §§ 542.10-542.19. First, an inmate should present an issue of concern informally to staff, and the staff member shall attempt to resolve the issue before a formal request or a Request for Administrative Remedy is submitted. 28 C.F.R. § 541.13(a). If the issue cannot be resolved informally, an inmate may begin the formal remedy process by filing an appropriate Request for Administrative Remedy Form ("BP-9") to the warden of the institution. 28 C.F.R. § 542.14. If the inmate does not find the warden's response satisfactory, he has the option to appeal his grievance to the Regional Director in the geographical region in which his place of confinement is located. 28 C.F.R. § 542.15. The inmate must use the appropriate Regional

Director Administrative Remedy Appeal form ("BP-10"). *Id.* If the inmate remains unsatisfied with the Regional Director's response, he next has the option of appealing to the office of the General Counsel of the BOP ("OGC") provided that he utilizes the proper Central Office Administrative Remedy form ("BP-11"). *Id.* Appeal to the OGC is the final step in the administrative appeal process in the BOP's Administrative Remedy Scheme. *Id.*

The affidavit and electronic search of the BOP's records for the Administrative Remedy Program completed by Robin Eads showed no administrative filings by Petrovic in connection with his claims against Officers Goodwin or Lawrenz. (DE 16-2, at 2). In response to the Officers' affirmative defense, Petrovic has put on no evidence that he exhausted the administrative process outlined above. Instead, Petrovic argues that his Eighth Amendment claims are not subject to the administrative process because administrative officials within the program do not have authority to award money damages for tort claims. (DE 18, at 2). This argument fails. Under the PLRA, prisoners are required to exhaust all administrative remedies regardless of the relief offered. *Booth v. Churner,* 532 U.S. 731, 741 (2001).

Since Petrovic has provided no evidence that he exhausted the available administrative remedies outlined above, no genuine dispute of material fact exists as to Petrovic's exhaustion under the PLRA. Since exhaustion is a prerequisite to suit, Petrovic's Eighth Amendment claims must be dismissed. 42 U.S.C. § 1997e(a); *see also Jones,* 549 U.S. at 219-220 ("All [courts] agree that no unexhausted claim may be considered."); *see also Lee v. Wiley,* 789 F.3d 673, 678 (6th Cir.) ("[E]xhaustion under the PLRA…is a prerequisite or precondition for bringing suit in any court.").

## C. Petrovic's Surreply

In this case, the Court ordered that all dispositive motions be briefed in accordance with Local Civil Rule 7.1(c), which provides: "Unless otherwise ordered by the Court, a party opposing a motion must file a response within 21 days of service of the motion…A party may

9

file a reply within 14 days of service of the response." Local Civ. R. 7.1. The Court did not grant either party leave to file a response or reply beyond what Rule 7.1 permits.

Since defendants filed the initial dispositive motion in this case (DE 16), they were permitted to file a reply to Petrovic's response (DE 18) opposing their initial motion, which they did on March 15, 2017 (DE 21). On March 28, 2017, Petrovic attempted to have the last word on defendants' motion for summary judgment by tendering a surreply to the Court. (DE 22). Because Petrovic did not have leave to file a surreply, it is stricken from the record.

Consideration of Petrovic's surreply would not alter any analysis in this case. The substantive arguments raised in the surreply were all included in Petrovic's objections to the Magistrate Judge's recommendations. (DE 22, 25). Petrovic's objections are considered below.

**D. Objections to Magistrate Judge's Recommendations**

Petrovic claims to have sent an SF-95 form to the Bureau of Prisons on November 5, 2015, but admits that his mailing was addressed to the BOP Central Office in Washington, D.C., rather than the appropriate Regional Office in Maryland. (DE 18, at 1). Petrovic now objects to the Magistrate Judge's dismissal, contending that the BOP Central Office should have transferred his claim to the appropriate Regional Office. (DE 24, at 1-2). Petrovic claims that "nowhere state[s] that a FTCA claim MUST be presented in the region where the tort occurred." *Id.* This argument is directly contradicted by the plain language of the relevant statutes. 28 C.F.R. § 14.2(a) ("A claim shall be presented to the Federal agency whose activities gave rise to the claim."); 28 C.F.R. § 543.31 ("If the loss or injury occurred in a specific regional office or within the geographical boundaries of the region, [claimant] may either mail or deliver the claim to that regional office."); *see also Sandler v. United States,* No. 6:11-206-GFVT, 2011 WL 3797737, at 2 (E.D. Ky. Aug. 25, 2011) ("[The plaintiff's] delivery of his FTCA claim to FMC-Lexington [, instead of the appropriate regional office of

10

the BOP,] is, therefore, insufficient to qualify as presentment of his claim to the United States."). Waiver of sovereign immunity is to be strictly construed. *See U.S. v. Nordic Village Inc.,* 503 U.S. 30, 34 (1992). Petrovic's mailing does not meet the language of the Act, regardless of alleged action or inaction by the Bureau of Prisons. As such, this objection is without merit.

Next, Petrovic objects to his ability, as a prisoner, to prove the contents of the package that he allegedly mailed to the BOP Central Office. (DE 24, at 2). Even if Petrovic could establish that his SF 95 form had been mailed to the BOP Central Office, however, his mailing was not in compliance with the plain language of the FTCA, as discussed above. As such, this objection is without merit.

Finally, Petrovic objects to the Court' reliance on the declaration of Ms. Eads in which she found no proof of Petrovic's alleged SF-95 filing within the BOP's administrative records. (DE 24, at 3). The Court notes that the declaration of Ms. Eads was attested to and signed under penalty of perjury. (DE 22, at 3). Ms. Eads stated that "[a]ll administrative claims" received under the FTCA are maintained in Content Manager, and that she has access to Content Manager records maintained by the Bureau of Prisons as a Paralegal at the Lexington Consolidated Legal Center. (DE 22, at 1-2). The Court is satisfied that Ms. Eads has the ability to access these records and is qualified to speak as to the results of the searches she performed while looking for Petrovic's FTCA claim. This objection is without merit.

**E. Motion For Criminal Prosecution For Perjury**

The Court has found no evidence that Ms. Eads, a Paralegal who searched the BOP's administrative records in connection with this case, presented any sort of false statement. As such, the Court can find no merit or legal basis for Petrovic's attack on her testimony.

### III. Conclusion

Accordingly, it is hereby **ORDERED** that:

(1) The defendants' motion to dismiss, or in the alternative for summary judgment (DE 16) is **GRANTED** in full;

(2) The plaintiff's claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, against the United States defendant is **DISMISSED** without prejudice;

(3) The plaintiff's Eighth Amendment claims under 28 U.S.C. § 1331, pursuant to *Bivens v. Six Unknown Federal Narcotic Agents,* 403 U.S. 388 (1971), against Officers Goodwin and Lawrenz defendants are **DISMISSED** without prejudice;

(4) The plaintiff's objections (DE 24, 26) to Magistrate Judge Ingram's report and recommendation are **DISMISSED** with prejudice;

(5) The plaintiff's motion for criminal prosecution for perjury (DE 27) is **DISMISSED** with prejudice.

Dated September 21, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY